United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 02, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE:                                      §
                                            §      **CASE NO: 26-33162**
**CIARA JEANMARD,**                         §
                                            §
   **Debtor.**                              §
                                            §
                                            §
                                            §      **CHAPTER 13**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS**

In Re: **CIARA JEANMARD**                  **CASE NO: 26-33162**

   **Debtor**                              **CHAPTER 13**

### ORDER OF DISMISSAL WITH PREJUDICE FOR 180 DAYS

1. The Debtor(s) have requested the voluntary dismissal of this Chapter 13 bankruptcy case. The Debtor(s) are statutorily entitled to voluntarily dismiss this case; no hearing is required. Accordingly, this case is dismissed.

2. The voluntary dismissal of a Chapter 13 bankruptcy case following the filing of a request for relief from the automatic stay must be a dismissal with prejudice against refiling for a period of 180 days. The Debtor(s) are barred from filing another bankruptcy case for 180 days following entry of this Order. Violations of this Order may be punishable by contempt.

3. The deadline for filing an application for an administrative expense in this case is set at twenty-one (21) days following entry of this Order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at twenty-one (21) days following entry of this order.

4. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503 if the new application only seeks allowance of the same professional fees and expenses previously requested.

5. Any prior order directing an employer or other person to pay funds to the Chapter 13 Trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

6. The Court finds good cause to direct the payment of funds held by the Chapter 13 Trustee at the time of entry of this Order as follows:

   (a)  First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

1 / 2

(b) Second, to any unpaid Chapter 13 Trustee's statutory compensation;

(c) Third, the balance on hand in the reserves for *ad valorem* taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

(d) Fourth, the balance in any other reserve account to the Debtor(s);

(e) Fifth, to any unpaid payments mandated to be made by the Chapter 13 Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

(f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to a reserve for any filed applications for which no order has yet been entered; and

(g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph must file an objection within fourteen (14) days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph until the next ordinary disbursement date following the later of (i) twenty-two (22) days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

SIGNED 07/02/2026

Alfredo R Pérez
United States Bankruptcy Judge

2 / 2